IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY CHARLES HARE,

    Petitioner,                    No. CIV S-05-2411 LKK GGH P

    vs.

TOM CAREY,                             ORDER AND

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2002 conviction for the prison disciplinary of possession of contraband in violation of Cal. Code Regs. tit. 15, § 3006(a). The petition raises one claim: section 3006(a) is unconstitutionally vague. After carefully considering the record, the court recommends that the petition be denied.

AEDPA

        The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this petition for habeas corpus which was filed after the AEDPA became effective. Neelley v. Nagle, 138 F.3d 917 (11th Cir.), citing Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059 (1997). The AEDPA "worked substantial changes to the law of habeas corpus," establishing more deferential standards of review to be used by a federal habeas court in assessing a state court's adjudication

1

1  of a criminal defendant's claims of constitutional error.  Moore v. Calderon, 108 F.3d 261, 263
2  (9th Cir. 1997).
3         In Williams (Terry) v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000), the Supreme
4  Court defined the operative review standard set forth in § 2254(d).  Justice O'Connor's opinion
5  for Section II of the opinion constitutes the majority opinion of the court.  There is a dichotomy
6  between "contrary to" clearly established law as enunciated by the Supreme Court, and an
7  "unreasonable application of" that law.  Id. at 1519.  "Contrary to" clearly established law applies
8  to two situations:  (1) where the state court legal conclusion is opposite that of the Supreme
9  Court on a point of law, or (2) if the state court case is materially indistinguishable from a
10  Supreme Court case, i.e., on point factually, yet the legal result is opposite.
11         "Unreasonable application" of established law, on the other hand, applies to
12  mixed questions of law and fact, that is, the application of law to fact where there are no factually
13  on point Supreme Court cases which mandate the result for the precise factual scenario at issue.
14  Williams (Terry), 529 U.S. at 407-08, 120 S. Ct. at 1520-1521 (2000).  It is this prong of the
15  AEDPA standard of review which directs deference to be paid to state court decisions.  While the
16  deference is not blindly automatic, "the most important point is that an *unreasonable* application
17  of federal law is different from an incorrect application of law....[A] federal habeas court may not
18  issue the writ simply because that court concludes in its independent judgment that the relevant
19  state-court decision applied clearly established federal law erroneously or incorrectly.  Rather,
20  that application must also be unreasonable."  Williams (Terry), 529 U.S. at 410-11, 120 S. Ct. at
21  1522 (emphasis in original).  The habeas corpus petitioner bears the burden of demonstrating the
22  objectively unreasonable nature of the state court decision in light of controlling Supreme Court
23  authority.  Woodford v. Viscotti, 537 U.S. 19, 123 S. Ct. 357 (2002).
24         The state courts need not have cited to federal authority, or even have indicated
25  awareness of federal authority in arriving at their decision.  Early v. Packer, 537 U.S. 3, 123 S.
26  Ct. 362 (2002).  Nevertheless, the state decision cannot be rejected unless the decision itself is

contrary to, or an unreasonable application of, established Supreme Court authority. Id. An unreasonable error is one in excess of even a reviewing court's perception that "clear error" has occurred. Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175 (2003). Moreover, the established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. at 9, 123 S. Ct. at 366.

However, where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

In the instant case, the California Supreme Court summarily denied petitioner's habeas corpus petition raising the claim raised in the instant petition. Answer, Exhibit C. Accordingly, the court will independently review the record to determine whether the denial of this claim by the California Supreme Court was an unreasonable application of clearly established Supreme Court authority.

Discussion

Petitioner alleges that § 3006(a) is unconstitutionally vague as applied to him. This section provides,

> (a) Dangerous Property. Inmates may not possess or have under their control any weapons, explosives, explosive making material, poisons or any destructive devices, nor shall they possess or assist in circulating any writing or voice recording which describes the making of any weapons, explosives, poisons, or destructive devices.

/////

/////

/////

1  A statute is not vague if a "reasonable person of ordinary intelligence" would understand what conduct the statute prohibits, <u>Easyriders Freedom F.I.G.H.T. v. Hannigan</u>, 92 F.3d 1486, 1493 (9th Cir. 1996), or if it invites arbitrary/discriminatory enforcement. <u>United States v. Doremus</u>, 888 F.2d 630, 634 (9th cir. 1989). The first question to be answered for a vagueness challenge is whether the challenge is to the face of the statute or regulation, or whether the challenge is directed to application of the law in the particular case. <u>Schwarzmiller v. Gardner</u>, 752 F.2d 1341, 1346 (9th Cir. 1984).

> Where speech is not the explicit subject of a statute or regulation and is not otherwise implicated in the case, and if related constitutional rights are not expressly invoked in a challenge to facial validity, we need only examine the vagueness challenge under the facts of the particular case and decide whether, under a reasonable construction of the statute or regulation, the conduct in question is prohibited.

<u>United States v. Hogue</u>, 752 F.2d 1503, 1504 (9th Cir. 1985 (Kennedy, J.).[1]
Finally, it does not hurt the analysis to utilize an amount of common sense.

Thus, in this case, petitioner's challenge on vagueness grounds has to be viewed in light of the particular facts of his case.

To put petitioner's claim in context, the court will set forth the circumstances of his offense contained in the rules violation report:

> On Thursday, October 10, 2002, I conducted a search of cell L-336, assigned to inmate HARE, D-03031. During the course of my search I discovered and confiscated a white colored toothbrush. The toothbrush confiscated was similar and fashioned the same as two (2) other weapons recently found in L-3 (Refer to Confidential Memorandum dated October 11, 2002, authored by Captain M. Ruff). I took control of the white toothbrush and transported it to Investigative Services Unit Evidence Processing Station. I examined the toothbrush and observed that the cut behind the bristles appeared to be cut with a handsaw or an electric saw. This conclusion and observation was based on the fact that the cut behind the bristles was very straight and clean. These types of tools are located in the Prison Industries Authority (PIA) where Inmate HARE is currently assigned.

---

[1] Moreover, in a challenge to facial validity, outside of the First Amendment context, the challenging party must demonstrate that "'the enactment is impermissibly vague in *all* its applications.'" <u>Hotel and Motel Assoc. of Oakland v. City of Oakland</u>, 344 F. 3d 959, 972 (9th Cir. 2003) (emphasis added).

4

1   Inmate HARE has accessibility to these machines in the PIA Wood Shop.  The
    toothbrush measured approximately six (6) inches in length.  I took two (2)
2   Polaroid photos of the toothbrush and processed the two (2) photos as well as the
    toothbrush into Evidence for further processing by the Evidence Office.
3

4   Answer, Exhibit B.

5           Petitioner was found guilty of the offense and assessed 120 days of time credits.

6           In the instant petition, petitioner argues that § 3006(a) is unconstitutionally vague

7   because a reasonable person would not have known that possessing a toothbrush with a slit in it

8   violated the statute.  Petitioner contends that prison officials have actually issued to him

9   toothbrushes containing slits.  Attached to the traverse as exhibit A is, according to petitioner, a

10  photograph of a toothbrush issued to him by prison officials containing a slit.

11          Because of the quality of the photograph submitted by petitioner, it is difficult for

12  the court to evaluate the "slits" contained in the prison-issued toothbrush.  However, it is clear

13  that any "slits" in this toothbrush were made by the manufacturer and not by prisoners.

14  According to the rules violation report, the toothbrush which petitioner was found guilty of

15  possessing had been cut behind the bristles with a handsaw or an electric saw.  The cuts in this

16  toothbrush were similar to and fashioned the same as two other toothbrushes recently found in L-

17  3.  These findings clearly suggest that the toothbrush had been altered by a prisoner, most likely

18  petitioner.

19          A person of ordinary intelligence or, in this case, a prisoner of ordinary

20  intelligence, would understand that possession of a toothbrush altered from its original condition

21  by a prisoner, and modified to be a potentially sharp object, would be a violation of § 3006(a).

22  This is because it is well known that prisoners alter common objects, including toothbrushes, so

23  that they may be used as weapons.  Petitioner's failure to offer an explanation as to why the

24  toothbrush was altered from its original condition supports the conclusion that a reasonable

25  prisoner would know that possessing such a toothbrush violated § 3006(a).  For these reasons, §

26  3006(a) is not unconstitutionally vague as applied to petitioner.

1    After independently reviewing the record, the court finds that the denial of this
2  claim by the California Supreme Court was not an unreasonable application of clearly established
3  Supreme Court authority.  Accordingly, the petition should be denied.
4    On April 17, 2007, petitioner filed a motion to expedite the court's ruling on his
5  petition.  Because the court recommends that the petition be denied, the motion to expedite is
6  denied as unnecessary.
7    Accordingly, IT IS HEREBY ORDERED that petitioner's April 17, 2007, motion
8  to expedite is denied;
9    IT IS HEREBY RECOMMENDED that petitioner's application for a writ of
10  habeas corpus be denied.
11    These findings and recommendations are submitted to the United States District
12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
13  days after being served with these findings and recommendations, any party may file written
14  objections with the court and serve a copy on all parties.  Such a document should be captioned
15  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16  shall be served and filed within ten days after service of the objections.  The parties are advised
17  that failure to file objections within the specified time may waive the right to appeal the District
18  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19  DATED: 02/25/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

23  hare2411.157